JULIAN K. QUATTLEBAUM (Bar No. 214378)
jq@channellawgroup.com
CHANNEL LAW GROUP, LLP
8200 Wilshire Blvd., Suite 300
Beverly Hills, CA 90211
Telephone: (310) 480-7441
Facsimile: (323) 723-3960

Attorneys for Defendant
JINAPUN CORPORATION, a California corporation
(d/b/a The Garden Thai Restaurant)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARMEN JOHN PERRI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE GARDEN THAI RESTAURANT; *et al.*,<br><br>Defendants. | Case No: 2:18-cv-05765-R-E<br><br>**Answer of Defendant Jinapun Corporation (d/b/a The Garden Thai Restaurant) to Complaint**<br><br>**Ctrm:** 880<br>**Judge:** Hon. Manuel L. Real |

TO THE COURT, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

COMES NOW Defendant Jinapun Corporation ("Jinapun"), a California Corporation, d/b/a The Garden Thai Restaurant, answering the Complaint of Plaintiff Carmen John Perri's ("Plaintiff") herein for itself and for no other Defendant, admits, denies, and alleges as follows:

1. In answer to Paragraph 1 of the Complaint, Defendant does not have sufficient information or belief to enable them to answer said paragraph and, on that ground, denies each and every allegation contained therein.

2. In answer to Paragraph 2 of the Complaint, Defendant denies each and every allegation contained therein.

3. In answer to Paragraph 3 of the Complaint, Defendant admits that it is informed and believes that Defendant Manhattan Beach Triangle, LLC, a California limited liability company ("Triangle") was the owner of certain property identified as 210 N. Aviation Blvd., Manhattan Beach, CA 90266, which included the premises Triangle leased to Defendant which are referred to below as the Leased Premises. Defendant further alleges that its leasehold was comprised of the unit space only, and the lease did not permit Defendant to exercise dominion or control over the parking area or any common areas of the Premises. Rather, Defendant holds a non- exclusive license to utilize the parking and common areas of the Premises, just as any other member of the public.

4. In answer to Paragraph 4 of the Complaint, Defendant admits that it is informed and believes that Triangle is currently the owner of certain property identified as 210 N. Aviation Blvd., Manhattan Beach, CA 90266, which includes the premises Triangle has leased to Defendant that are referred to below as the Leased Premises. Defendant further alleges that its leasehold is comprised of the unit space only, and the lease does not permit Defendant to exercise dominion or

control over the parking area or any common areas of the Premises. Rather, Defendant holds a non- exclusive license to utilize the parking and common areas of the Premises, just as any other member of the public.

5. In answer to Paragraph 5 of the Complaint, Defendant admits that on June 13, 2018, Jinapun Corporation, a California corporation, owns, operates and controls a restaurant business doing business under the name of "The Garden Thai Corporation" within certain leased premises, the mailing address of which is 210 North Aviation Boulevard, Unit D, Manhattan Beach, CA 90266 (the "Leased Premises"). Defendant denies that it owns any real property other than a leasehold interest in the Leased Premises.

6. In answer to Paragraph 6 of the Complaint, Defendant admits that Jinapun Corporation, a California corporation, currently owns, operates and controls a restaurant business doing business under the name of "The Garden Thai Corporation" within the Leased Premises.

7. In answer to Paragraph 7 of the Complaint, Defendant does not have information sufficient to form a belief about the truth of the allegations in said Paragraph and, on that ground, denies each and every allegation contained therein.

8. In answer to Paragraph 8 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

9. In answer to Paragraph 9 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

10. In answer to Paragraph 10 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

11. In answer to Paragraph 11 of the Complaint, Defendant does not have

information sufficient to form a belief about the truth of the allegations in said Paragraph regarding whether Plaintiff went to the Business on or about June 13, 2018 and, on that ground, denies such allegation.  Defendant denies each and every other allegation contained Paragraph 11, including specifically that the purpose of Plaintiff's alleged trip was to purchase a beverage.

12.  In answer to Paragraph 12 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

13.  In answer to Paragraph 13 of the Complaint, Defendant alleges that it has no ownership of, possession of or control over the parking spaces at 210 North Aviation Boulevard, Manhattan Beach, CA  90266.  The allegations in Paragraph 13 of the Complaint are vague as to the meaning of the phrases "facilities, privileges and advantages," "reserved by defendants," and "the property serving the business," and accordingly, Defendant neither admits nor denies the allegations.

14.  In answer to Paragraph 14 of the Complaint, Defendant admits that there are parking spaces at 210 North Aviation Boulevard, Manhattan Beach, CA 90266 that are used by customers of its restaurant business.  The allegations in Paragraph 14 of the Complaint are vague as to the meaning of the terms "facilities," "reserved" and "patrons," and accordingly, Defendant neither admits nor denies the allegations that "parking spaces were one of the facilities reserved for patrons."  Defendant does not have information sufficient to form a belief about the truth of the remaining allegations in said Paragraph and Defendant is not required to answer legal conclusions and argument, and, on that ground, denies such allegations.

15.  In answer to Paragraph 15 of the Complaint, Defendant does not have information sufficient to form a belief about the truth of the allegations in said

Channel Law Group, LLP
8200 Wilshire Blvd., Suite 300
Beverly Hills, CA  90211

Paragraph, and Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

16. In answer to Paragraph 16 of the Complaint, the allegations in such paragraph are vague as to whether such allegations relate to property that Defendant operates or leases. To the extent they relate to property that Defendant does not operate or lease, Defendant does not have information sufficient to form a belief about the truth of such allegations and, on that ground, denies each and every allegation contained therein. To the extent that they relate to property which Defendant Operates or leases, Defendant denies each and every allegation.

17. In answer to Paragraph 17 of the Complaint, Defendant denies that Defendant may or does exercise dominion or control over the parking facilities and common areas servicing the Premises. Further, Plaintiff has failed to allege facts to state that Plaintiff has actually encountered barriers within the Leased Premises, which constitute the space leased by this answering Defendant. Defendant objects to the allegations on the basis that they presume that Defendant had any duty or ability to "make sure that there was a compliant accessible access parking [sic] reserved for persons with disabilities prior to June 13, 2018." Defendant is not required to answer legal conclusions and argument, and on each of these bases, denies each and every allegation.

18. In answer to Paragraph 18 of the Complaint, Defendant denies that Defendant may or does exercise dominion or control over the parking facilities and common areas servicing the Premises. Further, Plaintiff has failed to allege facts to state that Plaintiff has actually encountered barriers within the Leased Premises, which constitute the space leased by this answering Defendant. Defendant objects to the allegations on the basis that they presume that Defendant had any duty or ability to "make sure that the designated disabled parking for persons with disabilities comport with the ADAAG." Defendant is not required to answer legal

ANSWER OF JINAPUN CORPORATION

conclusions and argument, and on each of these bases, denies each and every allegation.

19. In answer to Paragraph 19 of the Complaint, Defendant denies each and every allegation.

20. In answer to Paragraph 20 of the Complaint, Defendant does not have information sufficient to form a belief about the truth of the allegations in said Paragraph, and Defendant is not required to answer legal conclusions and argument, and, on that ground, denies such allegations.

21. In answer to Paragraph 21 of the Complaint, Defendant does not have information sufficient to form a belief about the truth of the allegations concerning Plaintiff's interests, keen or otherwise, and further, Defendant is not required to answer legal conclusions and argument, and on each of these bases, denies each and every allegation.

22. In answer to Paragraph 22 of the Complaint, Plaintiff has failed to allege any defect or violation concerning Unit D of the Premises. This responding Defendant has no dominion or control over the parking and common areas for which Plaintiff has alleged violations, and further, is unaware of any violations within Unit D of the Premises. Defendant does not have information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint, and further, Defendant is not required to answer legal conclusions and argument, and on each of these bases, denies each and every allegation.

23. In answer to Paragraph 23 of the Complaint, Defendants deny each and every allegation contained therein as to acts or omissions of Defendant. Defendant does not have information sufficient to form a belief about the truth of the allegations with respect to the acts or omissions of other defendants, and further, Defendant is not required to answer legal conclusions and argument, and on each of these bases, denies each and every allegation.

24. In answer to Paragraph 24 of the Complaint, Plaintiff has failed to allege any defect or violation concerning the Leased Premises. The Defendant has no dominion or control over the parking and common areas for which Plaintiff has alleged violations, and further, is unaware of any violations within the Leased Premises. Defendant is not required to answer legal conclusions and argument. On these bases, this responding Defendant denies each and every allegation.

25. In answer to Paragraph 25 of the Complaint, Plaintiff has failed to allege any defect or violation concerning the Leased Premises. The Defendant has no dominion or control over the parking and common areas for which Plaintiff has alleged violations, and further, is unaware of any violations within the Leased Premises. Plaintiff misstates the law, and Defendant is not required to answer legal conclusions and argument. On these bases, the Defendant denies each and every allegation.

26. In answer to Paragraph 26 of the Complaint, Plaintiff has failed to allege any defect or violation concerning the Leased Premises. The Defendant has no dominion or control over the parking and common areas for which Plaintiff has alleged violations, and further, is unaware of any violations within the Leased Premises. Plaintiff misstates the law, and Defendant is not required to answer legal conclusions and argument. On these bases, the Defendant denies each and every allegation.

27. In answer to Paragraph 27 of the Complaint, Plaintiff has failed to allege any defect or violation concerning the Leased Premises. The Defendant has no dominion or control over the parking and common areas for which Plaintiff has alleged violations, and further, is unaware of any violations within the Leased Premises. Plaintiff misstates the law, and Defendant is not required to answer legal conclusions and argument. On these bases, the Defendant denies each and every allegation.

28. In answer to Paragraph 28 of the Complaint, Defendant restates and reaffirms its answers to the allegations of paragraphs 1 – 27 of the Complaint, as fully set forth herein

29. In answer to Paragraph 29 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on these bases, denies each and every allegation.

30. In answer to Paragraph 30 of the Complaint, Plaintiff misstates the law, and Defendant is not required to answer legal conclusions and argument, and on these bases, denies each and every allegation.

31. In answer to Paragraph 31 of the Complaint, Plaintiff misstates the law, and Defendant is not required to answer legal conclusions and argument, and on these bases, denies each and every allegation.

32. In answer to Paragraph 32 of the Complaint, Plaintiff has failed to allege any defect or violation concerning the Leased Premises. The Defendant has no dominion or control over the parking and common areas for which Plaintiff has alleged violations, and further, is unaware of any violations within the Leased Premises. Plaintiff misstates the law, and Defendant is not required to answer legal conclusions and argument. On these bases, the Defendant denies each and every allegation.

33. In answer to Paragraph 33 of the Complaint, Plaintiff has not alleged any facts to establish that the location and/or options of Defendant's business in the Leased Premises are convenient or desirable to Plaintiff. Further, Plaintiff has failed to allege any violation or defect within the Leased Premises that has resulted in injury or harm to Plaintiff. Defendant denies that it has failed to provide appropriate access to persons with disabilities within the area of the premises over which it had dominion or control, namely, the Leased Premises. Plaintiff has failed to allege any facts to establish that the Leased Premises or Defendant has

violated or will violate the ADA. Finally, Defendant is not required to answer legal conclusions and argument, and on these bases, deny each and every allegation.

34. In answer to Paragraph 34 of the Complaint, Defendant restates and reaffirms its answers to the allegations of paragraphs 1 – 33 of the Complaint, as fully set forth herein

35. In answer to Paragraph 35 of the Complaint, Defendant denies that any action or omission of Defendant's resulted in a denial of access or accommodation to Plaintiff. Further, Plaintiff misstates the law, and Defendant is not required to answer legal conclusions and argument, and on these bases, denies each and every allegation.

36. In answer to Paragraph 36 of the Complaint, Defendant denies that any action or omission of Defendant's violated any rights of Plaintiff under the ADA. Further, Defendant is not required to answer legal conclusions and argument, and on these bases, denies each and every allegation.

37. In answer to Paragraph 37 of the Complaint, Plaintiff has not alleged any facts to establish that the location and/or options of Defendant's business in the Leased Premises are convenient or desirable to Plaintiff. Further, Plaintiff has failed to allege any violation or defect within the Leased Premises that has resulted in injury or harm to Plaintiff. Defendant denies that it has failed to provide appropriate access to persons with disabilities within the area of the premises over which it had dominion or control, namely, the Leased Premises. Plaintiff has failed to allege any facts to establish that the Leased Premises or Defendant has violated or will violate the ADA. Finally, Defendant is not required to answer legal conclusions and argument, and on these bases, deny each and every allegation.

## GENERAL DENIAL

38. Defendant generally denies each and every allegation, statement, matter and each purported cause of action contained in Plaintiff's unverified complaint, and further denies that Plaintiff has been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendant.

## AFFIRMATIVE DEFENSES

39. As separate and distinct affirmative defenses to the Complaint and each allegation contained therein, Defendants allege the following defenses against Plaintiff:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim - All Claims)

40. The Defendant alleges that the Complaint and each and every purported cause of action therein fails to state facts sufficient to constitute a claim upon which relief can be granted. Among other things, Plaintiff has failed to allege any violation or defect within the Leased Premises that has resulted in injury or harm to Plaintiff.

### SECOND AFFIRMATIVE DEFENSE
(No Standing - All Claims)

41. Plaintiff lacks standing to seek injunctive relief because he is under no threat of imminent harm, nor has Plaintiff established that he has suffered any injury, or that but for the alleged violations, Plaintiff would patronize the Defendant's business, now, or at any time in the future.

### THIRD AFFIRMATIVE DEFENSE
(No Intent to Impede or Impair Service or Access - State Cause of Action)

42. Defendant did not intentionally impede or impair access or service to Plaintiff and made good faith efforts to provide access to and in the areas of the

facility at-issue over which Defendant had control.

## FOURTH AFFIRMATIVE DEFENSE

(Recovery of Prevailing Party Attorneys' Fees - All Claims)

43. Pursuant to 42 U.S.C § 12205, in the event Defendant prevail in this action, Defendant should be awarded reasonable attorneys' fees and costs incurred in the defense of this action.

## FIFTH AFFIRMATIVE DEFENSE

(Mootness - Injunctive Relief)

44. Plaintiff's alleged claims for injunctive relief are barred, in whole or in part, because Defendant is either not responsible for the challenged conditions, or the challenged conditions have been, or will shortly be remedied and that Plaintiff will not again be subjected to the same alleged wrongful conduct by Defendant, if any.

## SIXTH AFFIRMATIVE DEFENSE

(Lack of Harm - State Law Claims)

45. Plaintiff has not suffered any damages as a result of any actions or omissions of Defendant, and Plaintiff is thus barred from asserting any claims against Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

(Construction Tolerances)

46. Plaintiff's claims are barred because, Assuming, arguendo, that the ADA standards at 28 CFR part 36 App. A are deemed relevant to this case, all architectural barriers alleged by Plaintiff either do not exist and/or are de minimis or fall within "conventional building industry tolerances" or "dimensional tolerances."

## EIGHTH AFFIRMATIVE DEFENSE

(Alterations Made by Others - All Claims)

47.     Defendant is not responsible for any alterations made by others. Any and all alterations made by Defendant since acquisition of the Leased Premises were made so that, to the maximum extent feasible, the altered portions of the Leased Premises, if any, are readily accessible to, and usable by, individuals with disabilities.

### NINTH AFFIRMATIVE DEFENSE
(Unclean Hands)

48.     The Complaint, and each and every claim alleged therein, are barred because Plaintiff has been guilty of improper, inequitable, or wrongful conduct connected to the matters alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE
(Disproportionate Costs - All Claims)

49.     To the extent any alterations were made to the premises triggering the requirements of 28 C.F.R. §36.403 (path of travel), the cost of meeting those requirements are disproportionate alterations.

### ELEVENTH AFFIRMATIVE DEFENSE
(Not Readily Achievable - All Claims)

50.     The removal of the alleged access barriers complained of in the Complaint, if any, are not readily achievable by Defendant.

### TWELFTH AFFIRMATIVE DEFENSE
(No Causation - All Claims)

51.     Defendants' actions or inactions are not a legal and proximate cause of any damages or injuries that may have been sustained by Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE
(No Difficulty, Discomfort, or Embarrassment)

52.     Plaintiff's claims are barred because Plaintiff did not experience difficulty, discomfort, or embarrassment because of the alleged violations.

Channel Law Group, LLP
8200 Wilshire Blvd., Suite 300
Beverly Hills, CA 90211

## FOURTEENTH AFFIRMATIVE DEFENSE

(No Denial of Full and Equal Access)

53. Plaintiff was not denied full and equal access to, or full and equal enjoyment of the Leased Premises by the conduct or omissions of Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

(No Deterrence)

54. Plaintiff was not deterred from visiting the Leased Premises as a result of real or perceived architectural barriers. Further, Plaintiff is not deterred from visiting the Leased Premises on the basis that the Plaintiff has not established a pattern of patronage of the Business, any definitive plans to return, or a frequency of travel to or near the site.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Defendant Provided Services via Alternative Methods)

55. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if any, do not subject Defendant to liability, because Defendant was ready and willing to accommodate Plaintiff's alleged disability by providing full and equal access via alternative methods. However, Plaintiff never asked for or sought any assistance.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Ripeness)

56. Plaintiff's claims are not actual or present controversies and therefore are premature and not ripe for adjudication.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Ambiguity)

57. The Complaint is uncertain, ambiguous and unintelligible.

## RESERVATION OF RIGHTS

58. Due to the ambiguous nature of Plaintiff's claims and the lack of

sufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses, Defendant reserves the right to amend this answer to assert any additional affirmative defenses that may become available or apparent. Further, Defendant reserves the right to withdraw any affirmative defenses that Defendant determines are inapplicable during the course of subsequent discovery.

***

## PRAYER

**WHEREFORE**, having fully answered, the Defendant prays:

a. That the Complaint be dismissed with prejudice and that a judgment be entered in favor of Defendant;

b. That Plaintiff take nothing by way of this litigation;

c. That no injunctive relief be entered in favor of Plaintiff;

d. For costs of suit herein;

e. For attorney fees incurred herein, to the extent permitted by law; and

f. For such other and further relief as the Court deems proper.

Dated:	August 27, 2018	Respectfully submitted,

_____
Julian K. Quattlebaum, III

CHANNEL LAW GROUP, LLP
*Attorneys for Defendant Jinapun Corporation (d/b/a The Garden Thai Corporation)*

**DEMAND FOR A JURY TRIAL**

Defendant, Jinapun Corporation, a California corporation, doing business as "The Garden Thai Restaurant," hereby demands a jury trial on all issues raised in the Complaint by Plaintiff for which a jury is authorized by law.

Dated: August 27, 2018  Respectfully submitted,

*(signature)*
Julian K. Quattlebaum, III

CHANNEL LAW GROUP, LLP
*Attorneys for Defendant Jinapun Corporation (d/b/a The Garden Thai Restaurant)*

# CERTIFICATE OF SERVICE

STATE OF GEORGIA      )
                                          )   ss.
COUNTY OF DEKALB   )

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 8200 Wilshire Blvd., Suite 300, Beverly Hills, CA 90211.

     On August 27, 2018, I caused to be served the following document(s):

**Answer of Defendant Jinapun Corporation (d/b/a The Garden Thai Restaurant) to Complaint**

on the interested parties in this action as follows:

Joseph R. Manning, Jr.
Michael J. Manning
Craig T. Côté
Tristan P. Jankowski
Manning Law, APC
4667 MacArthur Blvd., Ste 150
Newport Beach, CA  92660
info@manninglawoffice.com

     I served a true copy of the foregoing document by way of the Court's electronic filing/serving system, file and serve website. I declare under penalty pursuant to the laws of the United States that the above is true and correct.

     Executed on August 27, 2018, at Atlanta, Georgia

                                         Julian K. Quattlebaum, III
                                         Attorney for Defendant Jinapun Corporation,
                                         d/b/a The Garden Thai Restaurant
                                         E-mail:  jq@channellawgroup.com

Channel Law Group, LLP
8200 Wilshire Blvd., Suite 300
Beverly Hills, CA  90211